714 S.E.2d 281

**In the Matter of L.A. "Smokey" BROWN, Jr., Respondent.**

No. 27020.

Supreme Court of South Carolina.

Submitted July 11, 2011.

Decided Aug. 8, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Sabrina C. Todd, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

J. Preston Strom, Jr., of Strom Law Firm, LLC, of Columbia, for respondent.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to the imposition of either an admonition or public reprimand. We accept the

agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

From December 2003 through early September 2004, respondent conducted numerous closings involving Johnny Hoy. On more than twelve occasions Hoy purchased a parcel of land and, in a back-to-back transaction, sold the parcel and a mobile home on it to another purchaser. In these back-to-back transactions, Hoy financed his purchase of the parcel with the proceeds of his sale of the parcel and mobile home. The individuals who purchased the properties from Hoy secured financing though Branch Banking & Trust (BB & T).

Respondent's contact at BB & T was loan officer Robert Byron Green. Respondent used the instructions Green provided for completing the HUD–1 settlement statements. The settlement statements respondent submitted to BB & T failed to reflect that Hoy used the proceeds he received from his sale of each parcel and mobile home to fund his purchase of the parcel. Additionally, the settlement statements for Hoy's sale of the properties indicated the purchasers made substantial down payments to Hoy outside of closing. Respondent notes that Green advised him that BB & T would not review the HUD–1 settlement statements prior to closing and that BB & T was aware of the back-to-back transactions.

In June 2004, respondent had his office staff attend a South Carolina Bar seminar where they learned they should be on the lookout for closings like the Hoy back-to-back closings. On July 20, 2004, the Court issued *In the Matter of Barbare,* 360 S.C. 560, 602 S.E.2d 382 (2004), which addressed the importance of ensuring that HUD–1 statements submitted to lenders accurately reflect the transactions of the buyer, seller, and lender. After learning of the *Barbare* decision, respondent immediately changed all closings involving Hoy and began requiring Hoy to bring certified funds to the closings where he was purchasing properties. In early September 2004, Hoy stopped using respondent's services.

Hoy, Green, and several others were indicted by a federal grand jury for one count of conspiracy to commit bank fraud and thirty-nine counts of making (and aiding and abetting

each other in making) false statements to BB & T, a federally insured financial institution. The superseding indictment explained that Hoy, Green and the other defendants conspired with each other to deceive BB & T as to the credit-worthiness of certain mortgage loan applicants. Some of the properties on which respondent had conducted the back-to-back closings were identified in the superseding indictment.

## *LAW*

Respondent admits that, by his misconduct, he has violated the Rules of Professional Conduct, Rule 407, SCACR, particularly Rule 1.16(a)(1) (lawyer shall not represent client where representation will result in violation of Rules of Professional Conduct or other law), Rule 4.1(a) (in course of representing client, lawyer shall not knowingly make false statement of material fact to third person), Rule 8.4(a) (it is professional misconduct for lawyer to violate the Rules of Professional Conduct), Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation), and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## *CONCLUSION*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.